PATRICK *v.* LEACH.

*(Circuit Court, D. Nebraska.* June, 1881.)

ATTORNEY'S LIEN.

Under the statutes of Nebraska an attorney has no lien on the judgment obtained by him, in favor of his client, which he can enforce against a third party; and to secure the lien given on the papers of his client in his possession, or upon the money in his hands belonging to his client, or upon money in the hands of a third party, in an action or proceeding in which he was employed, as given by the statute. he must give personal notice in writing.

*John C. Cowan* and *John D. Howe*, for petitioners.
*J. M. Woolworth, contra.*

McCRARY, C. J. It seems to me doubtful whether the statute of Nebraska relied upon by the petitioners applies to the case in hand. That statute is as follows:

"An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party, in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party."

.The petitioners are attorneys at law, and claim a lien upon a certain judgment obtained by them in one of the courts of the state of Nebraska against the plaintiff herein.

It will be seen that the above-quoted statute gives an attorney a lien upon—*First,* "any papers of his, client which have come into his possession in the course of his professional employment;" *second,* "upon money in his hands belonging to his client;" and, *third,* "upon money in the hands of an adverse party in an action or proceeding in which the attorney was employed."

Of course, a judgment obtained by the attorney cannot be said to be a paper of his client which has come into his possession, nor money in his hands belonging to his client. Is it money "in the hands of an adverse party in an action or proceeding in which the attorney was employed?" I think not. It is a judgment; that is to say, the judicial determination upon the issues of law and fact, of a court of competent jurisdiction, that a sum of money is due from the defendant to the plaintiff. This is not money in the hands of the defendant. A judgment creditor may have the right to seize upon execution any money in the hands of his judgment debtor, but this does not make it the money of such creditor before seizure. If petitioners have no lien under the statute they have no lien at all, for it is well settled that at common law an attorney has no lien for his disbursements or fees upon a judgment obtained by him. *Baker* v. *Crook,* 11 Mass. 235; *Hill* v. *Brinkley,* 10 Ind. 102.

In some of the states—as, for example, in Iowa—there are statutes giving the attorney a lien upon the money due his client from the adverse party in the litigation, but the statute of Nebraska above quoted contains no words which can be construed as giving such a lien.

If, however, I am wrong upon this proposition, I am very clearly of the opinion that no lien has been established in this case, for the reason that no sufficient notice was given under the provisions of the

statute, assuming that it was applicable. The notice provided for is undoubtedly personal notice, and I think very clearly it should be in writing. This would be so upon general principles, and I think also under the provisions of section 627 of the General Statutes of Nebraska, which provides that "the service of a notice shall be made as is required by law for the service of a summons."

For these reasons I am constrained to hold that the petitioners have no lien upon the judgment mentioned in the pleadings, and that their application to be made parties must be overruled.

See *In re Wilson & Greig, ante*, 235.